Good morning, ladies and gentlemen. Our first case for argument this morning is Balshe LLC v. Ross. Mr. Ross. Good morning, your honors. I'm Alan Ross, pro se litigant. May it please the court. Paragraph 2 of the subject settlement agreement states as follows. Save and Ross shall execute all necessary documents to assign to NUCO, now known as IPB, to assign to IPB all right, title, and interest in the patent held by Ross and Save. Unambiguous, and there's no doubt about it. But to get to paragraph 2, you have to go through paragraph 1, which plaintiffs have been averse to do throughout. And paragraph 1 states the party shall form a new entity, IPB, for the purpose of commercially exploiting the patent. And then it goes on to say the ownership and management of IPB shall be in accordance with this agreement. The ownership and management in accordance with this agreement. So the settlement agreement has an integration provision, and that integration provision states that it's the entire agreement, and that any modification to that agreement requires the approval of all the parties to the agreement in writing. Well, I didn't assign the patent or execute the IPB operating agreement because it included five modifications, material modifications. And those modifications provide rights and benefits to plaintiffs at the expense of defendant, including one that removed my right to dissuade enrollees from leaving the IPB plan and joining a competitive entity that was from within the very vehicle itself. And most importantly, none of the items, the modifications, were in the settlement agreement. And in fact, the plaintiffs didn't even argue or defend the property of those modifications in their lower court paperwork, and even in this court they didn't do that, other than to admit that two of the modifications, that the settlement agreement was silent on those two modifications. And so the district court's ruling ignores and undermines that integration clause, and it was an error in allowing those modifications to be in the management of IPB. Now this may be a function of some confusion on the part of the district judge, exemplified at page nine of his order. He says, therefore, I turn to the key consideration, whether plaintiff's execution of the IPB operating agreement constitutes performance. And on the next page he says, plaintiffs have completed performance of the settlement agreement by forming IPB and IPB operating agreement. Well, a review of the documents of the IPB operating agreement clearly shows that it was ILA, Institutional Longevity Assets, their assignee firm for Balsha, and MRB Pool Benefits LLC, assignee for Meyer Chatfield, those were the entities that signed the IPB operating agreement. Mr. Ross, can I take you back to the differences you see between the settlement agreement and the proposed IPB agreement? One of the things you're complaining about is the cost sharing provision, as I understand it. Yes. If I look at the IPB, it looks like nobody's asking you to contribute anything to the costs. In the definition section, they have a whole listing of items that have to be shared. And part of that includes an increment of sharing for the patent, when in paragraph three clearly shows that the cost for the patent will be divided equally between Balsha and MC. I'm out of that equation. And later on, at paragraph 14, there is a statement in the settlement agreement that says ongoing business expenses to the patent entity shall be shared 50-50 between Balsha and MC, not me. Right. So what are you complaining about? Well, they're asking me to participate in that. The shared expense, if you review the shared expense language, that clearly asked me to participate. And they didn't even argue that in any of their paperwork here or down below. I don't see how they're asking you to participate in any of that. What am I missing? Shared expenses means reasonable document. Where are you reading from? Oh, I'm terribly sorry. I'm reading from the operation agreement in which it says at the definition section, it says shared expenses means all reasonable documented out-of-pocket costs and expenses that have been mutually agreed to by ILA and MRB to constitute shared expenses up to a maximum amount of $500,000 each that were or are incurred by MRB in connection with the formation and startup of the company. That's not in the settlement agreement. The acquisition of the patent, that's specifically earmarked for them. Maybe you're not understanding my question. I don't understand how these provisions where the other parties agree to share expenses between themselves have any adverse effect on you. No, but Your Honor, they are mandating that all three of the parties share the expenses. Where is that? Distribution. Shared expenses at F, 4F. Notwithstanding other provisions in this section for other than 4E, for so long as shared expenses account is greater than zero, all items lost in expense and other deductions shall first be allocated to MRB and 50% to ILA until they have been allocated an amount equal to their aggregate shared expenses, and second, pursuant to the other provisions, until they have been allocated an amount income and gain equal to the amount of lost expense and dedication allowance pursuant to section 4F1. This is one provision in the document. Okay. Sorry to be dense, but this sounds like they pick up the expenses and you wind up with the 10% interest in the ultimate profits, whatever they may be. That sounds like a pretty good deal for you. At least that you're not hurt. I don't believe it reads that way, but given the allotment of time, if we put that, let's assume that I read that incorrectly. Show us one way in which you are worse off if you were to be required to sign the IPB, please. Well, the IPB agreement that's currently on the table is the IPB agreement that was enforced prior to the vacating order of this court. One, they have set up a competing entity inside this vehicle which allows them to enroll. There is no restriction in the settlement agreement for me trying to persuade those enrollees not to join, but the only operating agreement on the table doesn't allow me to do that. I have to keep silent. There's a lapse provision in which one of the parties, now ILA, is allowed to purchase policies that might be lapsed for a nominal amount and use them as a profit center. That's not in the settlement agreement. Does it make you worse off? Yes, because first of all, it could possibly harm the credibility of the trust, because you're taking the possibility of taking out a large number of elderly employees, excuse me, elderly insureds, and it has a deleterious effect on the mortality experience of the trust. But even so, Your Honor, we go back to the integration provision. The integration provision says that any modification must be approved, and I didn't approve it. The bankruptcy provision gives them an opportunity to buy out a bankrupt participant, but it does not give me an opportunity, if I want to dig in my pocket and do so. That's not in the settlement agreement. We've already discussed, it takes away my right to dissuade possible enrollees from leaving. There's no restriction for me in that. Thank you. Now, one other thing. This case should have been dismissed three years ago, because the plaintiffs Thank you, Mr. Ross. Your time has expired. Do I still have three minutes for rebuttal time? Time has expired. Mr. Simon. Good morning, Your Honors. Mr. Ross, may it please the court. My name is Adam Simon, on behalf of Appalachia LLC, the Simon Law Firm, and the Meyer Chatfield Corporation. None of the six issues raised on appeal warrant reversal of the judgment in favor of appellees entered by Judge Zagel in this case. Mr. Simon, before you get into those issues, could you clarify for us how we have a final judgment here? I don't see a separate Rule 58 judgment entered by the district court. The last thing I saw was a grant of your motion is limited, reserves rights to seek additional fees and costs, etc. So I'm troubled by that possibility that this could still be going on in the district court. It's my understanding, Your Honor, that this is a final order. Judge Zagel originally in his January order found that the partial relief in the form of specific performance, and then in his June order, having granted leave to the Balshi parties to seek damages, entered an order on the attorney's fees and costs. We had expressly waived any litigation. I understand that, but in the motion that produced the June order, the moving parties say some conflicting things about whether this will end the litigation. It does say, we think this will effectively end the litigation, but reserve the right to seek additional fees and costs from defendants should they pursue further appeals or additional frivolous and vexatious litigation in this or other forms, and specifically reserve any and all rights, claims, and defenses of any nature whatsoever relating to the settlement agreement at either of the defendants. It doesn't quite sound final. And again, there's no Rule 58 judgment where the judge said, we're done. I know the language that was put in there was because there has been multi-district litigation instituted by Mr. Ross in Pennsylvania and in Delaware, and he's pursued previous appeals. Appeals aren't the problem. Or is litigation in some other district the problem? The problem is, is this litigation in this district done? Yes, from our point of view, it is done. We're not really asking about whether it's done from your point of view. We're asking whether the district judge has entered a final decision. My colleague's first question was, was there or has there been a Rule 58 judgment? And you didn't answer that, but I would like an answer. Is there one? I do not see one. Isn't that a problem? Normally we know that a case is over when a district court enters a judgment. So there's none. Did you ask the district court to enter a judgment? We asked for summary judgment. No, asking for summary judgment is not the same thing as asking for a Rule 58 judgment. My question is, did you ask for a Rule 58 judgment? We did not, Your Honor. Well, I was going to say, that's a problem. I would say, however, it seems to me that this reservation is superfluous. Why do you need a reservation? It was more of a deterrent, Your Honor, from the type of litigation. So by putting that in, it just muddies the waters. You could have done it anyway without any reference to it in the thing. But the problem is, as my colleagues have pointed out, you didn't request a Rule 58 judgment. Mr. Simon, if we have jurisdiction to reach the merits, can you explain to me why you need Mr. Ross to sign this IPB agreement? We may not need him to sign it. So why are we having this? We needed him to assign the patent, and he didn't do that until he was ordered by virtue of our summary judgment. I understand that, and I understand your frustration. The settlement was, what, six years ago or so, right? Correct. But setting this agreement up so that he has to sign it creates these opportunities to That's how the matter was settled. What, does the settlement agreement require him to I do believe it contemplates that he The question is not whether something contemplates something. The question is whether it requires something. Is there some language that you're relying on that requires this? Again, I think that's a fairly moot point, because even Judge Zagel said that it wasn't We were mostly focused on the ability to get the patent into IPB, and that was not done until Judge Zagel ordered it to be done. Has it happened now? Yes, with some reservations. No doubt. But the transfer has occurred. Yes. You can operate. Yes. Is there specific language in the settlement agreement that required Mr. Ross to agree to this further, more detailed agreement about how to operate this new entity? Well, yes, Your Honor, and that's an important point. There are two separate agreements. There's the settlement agreement, which contemplates the formation of a new co to be done according to the desires and in the jurisdiction chosen by the appellees, and excluding Mr. Ross. Exactly. It puts you guys in charge. All you've got to do is pay him 10% of the profits, right? So why do you need him to, why do you create all these opportunities for him to throw wrenches into the works? Well, the settlement agreement granted him not just rights to the profits, but actual 10% equity in new co, this new corporation. He doesn't get to do anything. Where does it say he needs to sign? Again, I don't know that his signature on the settlement agreement is absolutely required. He agreed to sign it. I believe that's in the settlement agreement. But most importantly is getting him to transfer the patent, and that was the subject matter of the litigation. The inconsistencies that One is a settlement agreement, and one is a corporate formation document. Not everything that could be in the corporate formation document was intended to be in the settlement agreement. Otherwise, that would have been the corporate formation document. But everything is consistent, as Judge Zagel noted, and these are matters of contract interpretation, and we believe Judge Zagel interpreted it properly. As your honors also noted, Mr. Ross is not there's nothing that harms him by entering into the IPB operating agreement. He was granted the 10% non-voting equity he was promised. He was explicitly prohibited from engaging in the management of NUCO. He was not to participate in the decision regarding the formation of NUCO. And so essentially, he got what he bargained for. If he were to look at the four corners of the settlement agreement, he got everything he bargained for because it contemplated that the parties would form this NUCO, and that it would be Balshie and the Meyer Chatfield Corporation that would manage it. Now, the fact that they made designations to new entities has really no bearing. The signatories to the settlement agreement are Balshie, the Simon Law Firm, and Meyer Chatfield Corporation, and those are the real parties in interest. And if there's no further questions, I have nothing further. Thank you very much, Counselor. So, Mr. Ross, you've used your time. The case is taken under advisory.